UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| Sentry Equipment Corp., § § Plaintiff, § § v. § § Gary K. Evans, Aceco Machine, Inc., § Best and Compton Enterprise, LLC, § Raymond C. Best, and Matthew W. Compton, § § Defendants. § | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Sentry Equipment Corp., for its Complaint against the above-named defendants, Gary K. Evans, Aceco Machine, Inc., Best and Compton Enterprise, LLC, Raymond C. Best and Matthew W. Compton (sometimes referred to collectively as "Defendants"), states as follows:

### Parties

1. Plaintiff, Sentry Equipment Corp. ("Sentry"), is a Wisconsin corporation having a principal place of business at 966 Blue Ribbon Circle North, Oconomowoc, Wisconsin 53066. Sentry is engaged in the business of developing, manufacturing, marketing, selling and servicing sampling systems and components for use in many industries, including without limitation pipeline, oil and gas production and refining, pharmaceuticals, food, beverage, chemical, mining, cement and wastewater treatment.

2. Defendant Gary K. Evans ("Evans") is an individual who, on information and belief is a citizen of the state of Texas and resides on Spinks Chapman Road, Kilgore, Texas 75662.

3. Defendant Aceco Machine, Inc. ("Aceco") is a Texas corporation having a principal

place of business at 104 West Lantrip, Kilgore, Texas 75662.  Defendant Evans owns Aceco.

4. Defendant Best and Compton Enterprise, LLC (referred to herein as "B&C" or "Best & Compton") is a Texas company with a registered office at 8232 County Road 296 E, Kilgore, Texas 75662, which, on information and belief, conducts business at 104 West Lantrip, Kilgore, Texas 75662.

5. Defendant Raymond C. Best ("Best) is an individual who, on information and belief, resides at 8232 County Road 296 E, Kilgore, Texas 75662.  On information and belief, Best is the registered agent for and member of B&C, and is Defendant Evans' brother-in-law.

6. Defendant Matthew Compton ("Compton") is an individual who, on information and belief, resides at 14321 County Road 298 N, Kilgore, Texas 75662.  Compton is a member of B&C.

**Jurisdiction and Venue**

7. This is a civil action which arises from breaches of a 2013 Asset Purchase Agreement entered into by Sentry, Evans, Cynthia Evans, and Accurate Tool, Inc., a Texas corporation which at that time was owned by Evans and Cynthia Evans ("the Asset Purchase Agreement"). More specifically, this action arises from breaches of noncompetition and confidentiality provisions of such Asset Purchase Agreement.

8. Jurisdiction is proper in this judicial district pursuant to 28 U.S.C. § 1332(a), given the complete diversity of state citizenships between Sentry and the Defendants (including each of the members of Best & Compton Enterprise, LLC), and given that the matter in controversy exceeds the value of $75,000 exclusive of interest and costs.

9. This action also arises from infringements by Best, Compton and B&C of Sentry

patent rights in the United States; accordingly, this action arises under the Patent Laws of the United States, specifically 35 U.S.C. §§ 271 and 281.  Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.  Defendant Evans is subject to personal jurisdiction in this judicial district because he is a citizen of the State of Texas and, more specifically, is domiciled within this judicial district.

11.  Defendant Best is subject to personal jurisdiction in this district because he is a citizen of the State of Texas and, more specifically, is domiciled within this judicial district.

12.  Defendant Compton is subject to personal jurisdiction in this judicial district because he a citizen of the State of Texas and, more specifically, is domiciled within this judicial district.

13.  Defendant Aceco is subject to this Court's jurisdiction because it was incorporated under the laws of the State of Texas and has its principal place of business in this judicial district.

14.  Defendant B&C, a limited liability company, is subject to this Court's jurisdiction because its members, *i.e.*, defendants Compton and Best, are domiciled in the State of Texas.

15.  Venue is proper in this Court pursuant to the Asset Purchase Agreement which states that any breach of the noncompetition provision therein will result in irreparable injury to Sentry for which a remedy at law would be inadequate and that Sentry shall be entitled to injunctive and other equitable relief.   The Asset Purchase Agreement further states that any party to such agreement may apply to a court of competent jurisdiction for equitable relief and that the laws of the State of Texas shall apply.

16.  Venue is also proper in this Court pursuant to 28 U.S.C. 1391(b) and (c) and 1400(b).

## COUNT I
## BREACH OF COVENANT-NOT-TO-COMPETE

17. Each of the foregoing paragraphs is incorporated by reference.

18. In September 2013, Sentry acquired the business of Accurate Tool, Inc., a Texas corporation ("Accurate Tool"), which at that time was owned by Evans and Cynthia Evans. On information and belief, Evans ran the day-to-day business of Accurate Tool.

19. Prior to the date of Sentry's acquisition of Accurate Tool, both defendants Compton and Best had worked for Accurate Tool.

20. Sentry, Accurate Tool, and Evans and Cynthia Evans individually as the shareholders of Accurate Tool, entered into the Asset Purchase Agreement in 2013 whereby Sentry purchased the business of Accurate Tool, namely, the business of manufacturing and marketing equipment, including retractable quills, spray nozzles, atomizers, corrosion coupon holders and similar and related equipment, to the pipeline, oil and gas production, and refining industries ("the Business"). Sentry also purchased certain property and assets of Accurate Tool, including but not limited to certain equipment, tools, computer software, supplies, spare parts and other personal property and all patents and all proprietary rights associated therewith ("the Assets"). A copy of the Asset Purchase Agreement is attached hereto as Exhibit A.

21. The Asset Purchase Agreement included a noncompetition provision "as an inducement to Sentry to execute [the] agreement and ... to preserve the goodwill associated with the business of [Accurate Tool] being acquired by [the] agreement... ." The covenant-not-to-compete is for a period of ten (10) years from the closing date of the Asset Purchase Agreement which was on or about September 4, 2013.

22. More specifically, Section 6.3 of the Asset Purchase Agreement, titled "Noncompetition," is an express covenant-not-to-compete by which Accurate Tool, Evans and Cynthia Evans each agreed, *inter alia*, that they would not, directly or indirectly:

- engage in, continue in or carry on any business which competes with the Business or is substantially similar thereto, or competes with [Sentry] or its active, under development or planned product lines and related accessories...;

- consult with, advise or assist in any way, whether or not for consideration, any corporation, partnership, firm or other business organization which is now or becomes a competitor of [Sentry] in any aspect with respect to the Business ...; and

- engage in any practice the purpose of which is to evade the provisions of this covenant not to compete or to commit any act which adversely affects the Business [and the] Purchased Assets ... ."

*See* Asset Purchase Agreement §§ 6.3(i), (ii) and (iv), respectively.

23. On information and belief, Evans owns Aceco, a Texas corporation located at 104 West Lantrip in Kilgore, the same location where Evans' Accurate Tool had been located prior to the Asset Purchase Agreement, and Evans runs the day-to-day business of Aceco.

24. On information and belief, Evans and his business, Aceco, have wilfully breached the covenant-not-to-compete in the Asset Purchase Agreement at least by directly or indirectly consulting with, advising or assisting defendants Best, Compton and B&C in their activities which compete with Sentry.

25. On information and belief, Evans and his business, Aceco, further have wilfully breached the covenant-not-to-compete by directly or indirectly engaging in activities the purpose

of which is to evade the covenant-not-to-compete and are committing acts which adversely affect the Business and the Assets acquired by Sentry as set forth in the Asset Purchase Agreement.

26. Further, on information and belief, Evans and Aceco have wilfully breached the covenant-not-to-compete by directly or indirectly engaging in, continuing in or carrying on in business which competes with Sentry.

27. More specifically, Evans and Aceco have significantly consulted with, advised and assisted Compton, Best and B&C including but not limited to in their design, manufacturing and sale of a retractable coupon-holder product ("the Accused Product") that competes with similar product sold by Sentry, when the covenant-not-to-compete expressly forbids such activities. Photographs of an example of the Accused Product are attached hereto as Exhibit B.

28. The Accused Product competes at least with a Sentry retractable coupon-holder product sometimes referred to as Sentry's "Saf-T-Vise™" retractable coupon-holder product. Photographs of a Sentry Saf-T-Vise™ retractable coupon-holder product are attached hereto as Exhibit C.

29. On information and belief, the Accused Product, which has been referred to by B&C as the "BC-5000," "BC5000," and the "B&C Retractable Holder," has been manufactured, offered for sale and sold at least by B&C.

30. For example, B&C (Best & Compton) has sold the Accused Product to VK Enterprises, Inc., an Oklahoma corporation having a principal office at 3900 S. Broadway 5E Edmond, Oklahoma 73013 ("VK Enterprises"). VK Enterprises states that the Accused Product, sourced from B&C, competes with a Sentry retractable coupon-holder product, one formerly manufactured by Accurate Tool prior to the Asset Purchase Agreement. VK Enterprises states that the Accused Product is almost identical to an Accurate Tool retractable coupon-holder

product in design and quality, and that a person who was a major part of Accurate Tool's design and manufacturing is now a part of Best & Compton.

31. Evans and Aceco have allowed Compton, Best and B&C to occupy and use space in the Aceco facility located at 104 West Lantrip, Kilgore, Texas.

32. Evans and Aceco have allowed Compton, Best and B&C to occupy and use space in the Aceco facility with knowledge that Compton, Best and B&C are engaging in manufacturing and sales activities with respect to the Accused Product that compete with Sentry's Saf-T-Vise™ retractable coupon-holder product.

33. After the closing date of the Asset Purchase Agreement, Sentry asked, and Evans and Accurate Tool agreed, to engage in certain transitional manufacturing of retractable coupon-holder products for a short period of time, and such transitional manufacturing was terminated as agreed after a few months. Thereafter, Evans did not return specialized tooling used for manufacture of retractable coupon holders; indeed, when requested to return certain retractable coupon-holder-related tools, *e.g.*, corrosion tool jig, Evans refused to do so.

34. On information and belief, Evans has actively participated with Compton, Best and B&C by giving them the benefit of his experience and knowledge, including his technical knowledge, with respect to the Business and the Assets by assisting Compton, Best and B&C in the conduct of their business which competes with Sentry's Saf-T-Vise™ retractable coupon-holder product.

35. On information and belief, Evans has provided or otherwise made available to Compton, Best and B&C the use of certain machinery and retractable coupon-holder-related tools to facilitate their manufacture of Accused Product. On information and belief, Evans did so

with the full knowledge that Compton, Best and B&C would use such things to manufacture, offer to sell and sell the Accused Product in competition with Sentry.

36. On information and belief, Evans has given the benefit of his experience and knowledge with respect to the Business and the Assets to Compton, Best and B&C for the purpose of evading the provisions of the covenant-not-to-compete.

37. The activities by Evans and Aceco described in paragraphs 23-36 herein have adversely affected and continue to adversely affect the conduct of Sentry's business, including Sentry's business which was acquired from Accurate Tool pursuant to the Asset Purchase Agreement.

38. On information and belief, Evans and Aceco are willfully breaching the covenant-not-to-compete at least by their conduct described in paragraphs 23-37 herein.

39. On information and belief, Compton, Best and B&C have knowledge of the Asset Purchase Agreement.

40. On information and belief, Compton, Best and B&C have knowledge of the covenant-not-to-compete set forth in the Asset Purchase Agreement.

41. On information and belief, Compton, Best and B&C are willfully breaching the covenant-not-to-compete at least by their manufacture, offers to sell and sales of the Accused Product.

## COUNT II
## BREACH OF CONFIDENTIALITY

42. Each of the foregoing paragraphs is incorporated by reference.

43. The Asset Purchase Agreement includes a confidentiality provision in Section 6.4 in which Evans and Accurate Tool agreed not to disclose or use for any purpose confidential

information including but not limited to all information concerning Accurate Tool's process information related to manufacturing, and information related to customers, suppliers and vendors.

44.   Compton, Best and B&C, with the knowledge and approval of Evans and Aceco, are now using such manufacturing-related confidential information to manufacture the Accused Product, which is the same confidential information that was used by Accurate Tool and Evans, and by Compton and Best as employees of Accurate Tool, to manufacture retractable coupon-holder products for Accurate Tool prior to Sentry's acquisition of the business from Accurate Tool and Evans.

45.   On information and belief, Compton, Best and B&C have knowledge of the confidentiality provision set forth in the Asset Purchase Agreement.

46.   As former employees of Accurate Tool, Compton and Best were bound by the confidentiality provision in Section 6.4 of the Asset Purchase Agreement.

47.   The aforesaid use of confidential information by Accurate Tool's former employees, with Evans' consent and cooperation, is a violation of Section 6.4 of the Asset Purchase Agreement by Evans, Aceco, Compton, Best and B&C.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 6,357,470

48.   Each of the foregoing paragraphs is incorporated by reference.

49.   Evans and Willie V. Evans are co-inventors on United States Patent No. 6,357,470 entitled "Vessel and Pipeline Insertion Tool" ("the '470 Patent"), and assigned their rights in the '470 Patent to Accurate Tool, which in turn assigned its rights to Sentry as part of the Asset Purchase Agreement.  The '470 Patent was duly and lawfully issued by the United States Patent

and Trademark Office on March 19, 2002. A true and correct copy of the '470 Patent is attached hereto as Exhibit D.

50. Thus, Sentry is the assignee and present owner of all right, title and interest in the '470 Patent.

51. The '470 Patent relates generally to insertion tools and more particularly to a new and improved method and apparatus for the insertion of tools, test coupons and the like into vessels and pipelines.

52. Defendants Compton, Best and B&C have been and are now directly infringing the '470 Patent in violation of 35 U.S.C. § 271(a).

53. By the conduct described in Counts I and II herein, Compton, Best and B&C have infringed the '470 Patent as set forth in this Count III.

54. On information and belief, defendants Compton, Best and B&C have directly infringed and continue to infringe the '470 Patent in violation of 35 U.S.C. § 271, literally and/or under the doctrine of equivalents, by, without limitation, manufacturing, offering to sell and selling the Accused Product in violation of at least Claims 1-5 and 11-15 of the '470 Patent.

55. Exemplary of the infringement referred to in the above paragraph was infringement of claim 1 of the '470 Patent, which is set forth below:

- The claim is for an apparatus for inserting and removing a stinger in an interior of a pipeline or vessel.
- The claim requires that the stinger have an external end and an internal end.
- The claim requires that the apparatus comprise a packer assembly for sealable connection to an opening on said pipeline or vessel and adapted for sealing

engagement to said stinger.

- The claim requires that the apparatus comprise a clamping collet mounted within a guide body within said packer assembly to releasably hold said stinger in the desired position after insertion.
- The claim requires a metal surface as a part of and within the guide body which is different from the metal of the stinger to inhibit instances of gaulding of the rod, compression freeze up of the rod, lock up of the rod, or the like.

The Accused Product manufactured, offered for sale and sold by Compton, Best and B&C has these elements, as shown for example in the photos of Exhibit B.

56. On information and belief, at all relevant times, Compton, Best and B&C have been aware of the '470 Patent and have known that any unauthorized manufacture, use, offer for sale or sale of the Accused Product infringes the '470 Patent.

57. Compton's, Best's and B&C's making, using, offering for sale and selling of the Accused Product is and has been without Sentry's consent.

58. On information and belief, Evans and Aceco have encouraged and assisted Compton, Best and B&C to infringe the '470 Patent by manufacturing, using, offering for sale and selling the Accused Product in violation of 35 U.S.C . § 271(b).

59. On information and belief, Evans and Aceco, acting with knowledge of the '470 Patent, have significantly consulted with, advised and assisted Compton, Best and B&C in their manufacturing and sale of the Accused Product in this judicial district with a specific intent to induce infringement of the '470 Patent.

60. At least by allowing Compton, Best and B&C to use the Aceco facility with

knowledge that Compton, Best and B&C are engaging in manufacturing and sales activities with respect to the Accused Product that competes with Sentry's Saf-T-Vise™ retractable coupon-holder product, Evans and Aceco have induced infringement of the '470 Patent.

61. Further, by providing or otherwise making available the manufacturing-related confidential information now being used by Compton, Best and B&C to manufacture the Accused Product, Evans and Aceco have induced infringement of the '470 Patent.

62. Evans has further induced direct infringement by Compton, Best and B&C by providing them with the benefit of his experience and knowledge with respect to the Business and the Assets by assisting Compton, Best and B&C in the conduct of their business which competes with Sentry's Saf-T-Vise™ retractable coupon-holder product.

63. Evans' and Aceco's activities as set forth in paragraphs 60, 61 and 62 herein led to direct infringement of the '470 Patent by Best, Compton and B&C.

64. By allowing use of the Aceco facility and the manufacturing-related confidential information, Evans and Aceco have acted with specific intent that Best, Compton and B&C manufacture the Accused Product that embodies the inventions claimed in the '470 Patent.

65. On information and belief, Evans and Aceco know that manufacture, offers to sell and sales of the Accused Product by Best, Compton and B&C constitute infringement of the '470 Patent.

66. Evans and Aceco have committed the acts of infringement complained of herein without the consent or authorization of Sentry and in derogation of 35 U.S.C. § 271.

67. Sentry has been and will continue to be damaged by Defendants' infringement of the '470 Patent.

68. Sentry is entitled to damages from Defendants, pursuant to 35 U.S.C. § 284 and

injunctive relief pursuant to 35 U.S.C. § 283, for Defendants' infringement of the '470 Patent.

69. Defendants' infringement has been and continues to be willful, intentional, and with knowledge of the existence of the '470 Patent and Sentry's general patent rights. Sentry is thus entitled to enhanced damages pursuant to 35 U.S.C. § 284, and attorneys' fees and other expenses of litigation pursuant to 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

70. Sentry demands a trial by jury on all disputed issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the entry of a judgment:

A. Holding that each of the Defendants has breached the noncompetition provision of the Asset Purchase Agreement;

B. Holding that each of the Defendants has breached the confidentiality provision of the Asset Purchase Agreement;

C. Permanently enjoining each of the Defendants from any further acts of breach of the noncompetition and confidentiality provisions of the Asset Purchase Agreement;

D. Awarding damages adequate to compensate Sentry for Defendants' breaches of the Asset Purchase Agreement together with prejudgment interest;

E. Holding that each of the Defendants has infringed the '470 Patent;

F. Permanently enjoining each of the Defendants from any further acts of infringement of the '470 Patent;

G. In favor of Sentry, and against each of the Defendants, that their infringement of one or more claims of the '470 Patent has been and continues to be willful;

H.  Awarding Sentry all available damages pursuant to 35 U.S.C. § 284 for Defendants' willful infringement of the '470 Patent;

I.  Awarding Sentry enhanced damages pursuant to 35 U.S.C. § 284, and attorneys' fees and other expenses of litigation pursuant to 35 U.S.C. § 285;

J.  Awarding Sentry interest and costs to the extent permitted by law; and

K.  Awarding such other and further relief as this Court may deem just and proper.

This 15th day of August, 2018.          Respectfully submitted,

/s/ Peter N. Jansson
Peter N. Jansson (lead counsel; *pro hac vice* pending)
IL State Bar No. 1326074
Molly H. McKinley (*pro hac vice* pending)
WI State Bar No. 1037941
JANSSON MUNGER MCKINLEY & KIRBY LTD.
601 Lake Avenue
Racine, WI 53403
Tel: 262/632-6900
Fax: 262/632-2257
pjansson@janlaw.com
mmckinley@janlaw.com

/s/ Andrew W. Stinson
Andrew W. Stinson
TX State Bar No. 24028013
RAMEY & FLOCK P.C.
100 East Ferguson, Suite 404
Tyler, TX 75702
Tel: 903/597-3301
Fax: 903/597-2413
astinson@rameyflock.com

Attorneys for Sentry Equipment Corp.